# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

WILLIAM D. MCDONALD, )
)
Plaintiff, )
)
vs. ) Case No. CIV-06-0601-F
)
JOE HEATON, DAVID L. LEE, )
and J. W. COYLE, III, )
)
Defendants. )

## ORDER

This matter comes before the court for initial review of the complaint filed by plaintiff William D. McDonald in this action against defendants Joe Heaton, David L. Lee, and J. W. Coyle, III.

### I. Standard of Review.

*Pro se* complaints are held to a less stringent standard of review, and *sua sponte* dismissals are disfavored. Nevertheless, the court may dismiss a *pro se* complaint *sua sponte* for failure to state a claim under Rule 12 (b) (6) of the Federal Rules of Civil Procedure. Whitney v. New Mexico, 113 F. 3d 1170, 1173 (10th Cir. 1997). Such a dismissal is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged and that allowing the plaintiff to amend the complaint would be futile. *Id*.

### II. The Complaint

The complaint in this action alleges that each of the defendants are "thugs" which the complaint defines as "a particular type of criminal who succeeds in getting appointed or elected to a position of authority, then uses that position as a cover for a life of crime." (Complaint, p. 2.) The complaint alleges that each of the defendants

"committed fraud in violation of Title 18 U. S. C. § 1961 (the definitions section of the Racketeer Influenced and Corrupt Organizations Act known commonly known as RICO), "by blocking lawful process, depriving [the plaintiff]...of money in a sum in excess of one million dollars." (Complaint, pp. 6-7). The complaint alleges that each of the defendants committed this fraud during proceedings in CIV-05-0063 (referenced as "2005, Ref. CV-0063" in the complaint). (Complaint, p. 6.) (The court takes judicial notice that CIV-05-0063-H is styled <u>McDonald v. Houtte</u>, a case which Judge Joe Heaton dismissed, affirmed on appeal.)  The complaint also alleges that each of the defendants committed fraud during proceedings in CIV-056132, however, this is not a valid case number on this court's docket, nor is there any case in this jurisdiction numbered CR- or CIV-05-6132.  The complaint also alleges that defendant Joe Heaton committed fraud during proceedings by blocking lawful process "depriving CIV-05-165, for the Western District of Oklahoma of money."[1]

      The complaint alleges that the defendants "acted in conspiracy" with each other. (Complaint, pp. 6-7.) The complaint alleges that "[t]he childish and deceitful antics of" the defendants "[w]ould be perfectly alright if limited to exhibitions exercised in their private business organizations and lodges; however, when [the defendants] [p]resume authority to practice their evil in the courts of the United States which were created by Congress to settle disputes arising under the laws of the United States, [then the defendants] cross two bright lines: (1). Jurisdiction, and (2). Criminal

---

[1] Case number CIV-05-165 is a case which was assigned to Judge David L. Russell and which does not appear to have involved plaintiff or any of the defendants in this action as attorneys or parties. The court believes the reference to this case may be a typographical error in the complaint. Plaintiff may have intended to allege that he was deprived of money, not that case number CIV-05-165 was deprived of money.

statutes occurring at 18 U.S.C. § 371, 1001, 341[,][sic, presumably § 1341 as § 1341 is referenced elsewhere in the complaint[2]], 1961 & 1962." (Complaint, p. 7.)

The complaint concludes by stating that the defendants "[h]ave committed two or more infractions of 18 U.S.C. § 1341, 1961 or 1962," and "have damaged the business or property interests of [the plaintiff]." On these grounds plaintiff asks the court to "order the defendants "to cease and desist any association with the federal court system" and "pay damages" to plaintiff "treble what the jury shall determine [the plaintiff's] damages to business and property interest are." (Complaint, p. 28.)

### III.  Judicial Immunity.

One of the three defendants in this action is Joe Heaton, United States District Court Judge for the Western District of Oklahoma. Accordingly, Judge Heaton is entitled to invoke the doctrine of absolute judicial immunity.

Absolute judicial immunity is not overcome by allegations of malice; only factual allegations showing that a judge was not acting in his judicial capacity, or that the judge acted in the complete absence of all jurisdiction can overcome judicial immunity. Guttman v. Khalsa, 446 F. 3d 1027, 1033-34 (10th Cir. 2006). A judge acting in his or her official capacity and performing a function normally performed by a judge, is not acting in the absence of all jurisdiction. Hunt v. Bennett, 17 F. 3d 1263, 1266-67 (10th Cir. 1994). *See also*, Davit v. Davit, 2006 WL 786723 (7th Cir. 2006) (plaintiff could not circumvent the judicial immunity doctrine by bringing his claims under the RICO Act rather than 42 U. S. C. § 1983); Stone v. Baum, 409 F. Supp. 2d 1164 (D. Ariz. 2005) (judges who issued rulings adverse to litigants were entitled to absolute judicial immunity from liability in litigants' subsequent RICO suit, where the alleged acts were judicial acts taken within each court's subject matter

---

[2] 18 U.S. § 341 is the definitions section for § 342 which criminalizes operation or direction of a common carrier while under the influence of alcohol or any controlled substance.

jurisdiction); and <u>Sharp v. Bivona</u>, 304 F. Supp. 2d 357 (E. D. N. Y. 2004) (claims against state court judge for constitutional and civil rights violations and fraud were barred under doctrine of absolute judicial immunity).

It is clear from the complaint that the plaintiff's claims against Judge Heaton arise out of the performance of the defendant's duties as a United States district court judge and are based on allegations of acts done by Judge Heaton while acting in that capacity. The complaint does not allege any claims based on acts committed by Judge Heaton in the complete absence of federal court jurisdiction. Because it is patently obvious that plaintiff cannot prevail on the facts alleged and that amendment would be futile because plaintiff cannot plead facts consistent with those alleged in his complaint which would state a claim against Judge Heaton, plaintiff's claims against Judge Heaton will be dismissed with prejudice under Rule 12(b)(6) on the ground of absolute judicial immunity.

### IV.  Claims Against Defendants Lee and Coyle

The remaining defendants are David L. Lee and J. W. Coyle, III. Plaintiff alleges that the defendants "routinely violate 18 U. S. C. §§ 371,[3] 1001,[4] 1341,[5] 1961

---

[3]Title 18 U. S. C. § 371 makes it a crime for two or more persons to conspire to commit an offense against the United States or to defraud the United States.

[4]Title 18 U. S. C. § 1001 makes it a criminal offense to falsify or conceal a material fact, make a materially false statement, or make or use a false writing or document, with respect to any matter within the jurisdiction of the executive, legislative or judicial branch of the United States government.

[5]Title 18 U. S. C. § 1341 makes federal mail fraud a crime.

and 1962,[6] as well as 26 U. S. C. § 7214 (a) (1) (2) (7) and (8)."[7]  Putting the RICO provisions of 18 U.S.C. §§ 1961, 1962 aside for the moment, the balance of these statutes deal with federal crimes of conspiracy to defraud, document fraud, mail fraud and revenue fraud.  With one limited exception not material here, none of these statutes create a private right of action.[8]  *See, e.g.,* Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges, 248 F. Supp. 2d 17, 23 (D.C. 2003) (no private right of action under 18 U.S.C. § 371; Williams v. McCausland, 791 F. Supp. 992, 1001 (S.D. N.Y. 1992) (no private cause of action under 18 U.S.C. § 1001, a criminal statute providing that one within the jurisdiction of any department or agency of the U.S. who makes false or fraudulent statements shall be fined or imprisoned); Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 408-09 (8th Cir. 1999) (no private right of action under 18 U. S. C. §1341); Overton v. United States, 44 Fed. Appx. 932 (10th Cir. 2002) (claim under § 7214(a)(2) properly dismissed where plaintiff did not identify revenue officer or agent who allegedly violated the statute, and noting that a taxpayer may file suit for damages under this section only after a criminal conviction against the revenue officer or agent has been procured under this

---

[6] Title 18 U. S. C. § 1961 and § 1962 are a part of the Racketeer Influenced and Corrupt Organizations (RICO) Act.  Section 1961 provides definitions and § 1962 states prohibited activities.  Section 1964(c) provides civil remedies for certain violations of § 1962.

[7] Title 26 U. S. C. § 7214 criminalizes certain conduct of officers and employees of the United States "acting in connection with any revenue law of the United States."  Subsection (a) (1) prohibits extortion and willful oppression under color of law by revenue employees.  Subsection (a) (2) prohibits revenue employees from knowingly demanding greater sums than are authorized by law.  Subsection (a) (7) prohibits revenue employees from making fraudulent entries in government books and fraudulent certificates, returns or statements.  Subsection (a) (8) prohibits revenue employees having knowledge of a fraud or violation of the revenue laws from failing to report it to the Secretary of the Internal Revenue Service.

[8] The exception arises under 26 U.S.C. § 7214 and is described in the parenthetical summary of Overton v. United States cited in the text.  The exception is not material because there are no allegations that any of the defendants are federal revenue agents or officers.

section), unpublished decision cited here per the requirements of Tenth Circuit Rule 36.3.

Thus, the only statutes cited in the complaint which create any possibly applicable private right of action are RICO statutes, 18 U.S.C. §§ 1961 and 1962. Although the complaint does not mention 18 U.S.C. § 1964, that section of RICO creates a private cause of action for certain violations of § 1962. (Section 1962 prohibits certain acts and, as already noted, § 1961 sets forth statutory definitions.) Accordingly, the court finds that to the extent plaintiff's claims may be interpreted as attempts to state a private cause of action under § 1961 and §1962, such claims are not subject to dismissal *sua sponte* at this juncture.[9]

In summary, to the extent plaintiff's claims are brought under any of the statutes cited in the complaint other than 18 U.S.C. §§ 1961 and 1962, it is patently obvious that plaintiff has not and cannot allege facts which would state a claim under any of these other statutes. Accordingly, plaintiff's claims under 18 U.S.C. § 371, 1001, 1341, and his claims under 26 U.S.C. § 7214(a)(1),(2),(7) and (8), will be dismissed with prejudice under Rule 12(b)(6).

### V.  RICO's Limited Private Right of Action

As just stated, RICO provides a limited private right of action for certain violations of § 1962. 18 U.S.C. §1964. However, given the threat of treble damages and injury to reputation which attend RICO claims, private claims alleging fraud under the RICO statute are subject to the same heightened pleading standard imposed on fraud claims generally under Rule 9 (b), Fed R. Civ. P. Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F. 2d 1357, 1362 (10th Cir. 1989). As it now stands, plaintiff's conclusory and sometimes confusing allegations are inadequate to meet

---

[9]To the extent plaintiff may have intended to allege a claim for *criminal* violations of § 1961 and §1962, however, such criminal claims are dismissed for failure to state a claim.

these heightened pleading standards. Therefore, if plaintiff intends to pursue a private RICO claim for fraud against defendants Lee and Coyle, plaintiff must file, within twenty days of the date of this order, a RICO case statement which meets the following requirements.

The RICO case statement shall include the facts plaintiff relies on to initiate this complaint as a result of the "reasonable inquiry" required by Rule 11, Fed. R. Civ. P. In particular, the RICO case statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with particularity the following information with respect to any RICO claims against the remaining defendants, David L. Lee or J. W. Coyle, III.

1. State whether the alleged unlawful conduct is in violation of Title 18 U.S.C. § 1962 (a), (b), (c), and/or (d).

2. List each of the two defendants and state the alleged misconduct and basis of liability of each defendant.

3. List the alleged wrongdoers other than the defendants named above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims of the alleged racketeering activity and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts for each RICO claim. A description of the pattern of racketeering activity shall include the following information.

    A. List the alleged predicate acts and the specific statutes which were allegedly violated by the predicate acts;

    B. Provide the dates of the predicate acts, identify the participants in the predicate acts, and describe the facts surrounding the predicate acts;

    C.    If the RICO claim is based on the predicate offenses of wire fraud or mail fraud, describe the "circumstances constituting fraud" with particularity. Fed. R. Civ. P. 9 (b). Identify the time, place and contents of the alleged misrepresentations, and the identity of the persons to whom and by whom the alleged misrepresentations were made;

    D.    State whether there has been a criminal conviction for the predicate acts;

    E.    State whether civil litigation has resulted in a judgment in regard to the predicate acts;

    F.    Describe how the predicate acts form a "pattern of racketeering activity;" and

    G.    State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6.    Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information.

    A.    State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

    B.    Describe the structure, purpose, function and course of conduct of the enterprise;

    C.    State whether any of the remaining defendants are employees, officers or directors of the alleged enterprise;

    D.    State whether any of the remaining defendants are associated with the alleged enterprise;

    E.    State whether you are alleging that the remaining defendants are individuals or entities separate from the alleged enterprise itself, or members of the enterprise; and

      F.     If you contend that any of the remaining defendants are the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the alleged pattern of racketeering activity and the alleged enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe the benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the alleged racketeering activities on interstate or foreign commerce.

11. If you allege a violation of Title 18 U. S. C. § 1962 (a), provide the following information.

      A.     Identify who received the income derived from the alleged pattern of racketeering activity or through the collection of an unlawful debt; and

      B.     Describe the use or investment of such income.

12. If you allege a violation of Title 18 U. S. C. § 1962 (b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If you allege a violation of Title 18 U. S. C. § 1962 (c), provide the following information.

      A.     Identify the employees and/or associates of the enterprise; and

  B. State whether the same entity is both the liable "person" and the "enterprise" under Section 1962 (c).

14. If you allege a violation of Title 18 U. S. C. § 1962 (d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct, causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained by reason of the violation of Section 1962, indicating the amount for which each defendant is allegedly liable.

## VI.  Conclusion

For the reasons set forth above, after careful consideration of the complaint and the relevant legal authorities, plaintiff's claims against defendant Joe Heaton are **DISMISSED** with prejudice on the ground of judicial immunity. Rule 12(b)(6), Fed. R. Civ. P.

The remaining defendants are David L. Lee and John W. Coyle, III. Plaintiff's claims against these defendants brought under 18 U.S.C. §§ 371, 1001, 1341, and under 26 U. S. C. § 7214 (a) (1) (2) (7) and (8), all of which are criminal statutes, are **DISMISSED** with prejudice for failure to state a claim. Rule 12(b)(6), Fed.R.Civ.P.

These rulings leave plaintiff's private cause of action RICO claims against David L. Lee and John W. Coyle, III as the only surviving claims. With respect to these claims, plaintiff is **DIRECTED** to file a RICO case statement which meets all of the requirements set forth in Part V of this order. Failure to timely comply with the court's order, in either substance or form, will be grounds for dismissal of this action with prejudice.

Finally, plaintiff is **ORDERED** to promptly **SERVE** a copy of this order on each of the defendants, either with service of the summons or, if that is not possible

because service has already been made, then by mailing within three days of the date of this order. As to any defendants who have entered their appearance, the clerk is directed to serve notice of this order, as usual. Defendant Lee's and defendant Coyle's date by which to move or answer is indefinitely **EXTENDED**, to be set by order of the court at a later date if necessary.

Dated this 16th day of June, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0601p003(pub).wpd