# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

WILLIAM D. MCDONALD,              )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )   Case No. CIV-06-0601-F
                                  )
JOE HEATON, DAVID L. LEE and      )
J.W. COYLE, III,                  )
                                  )
    Defendants.                   )

## ORDER

    Plaintiff William D. McDonald's RICO Case Statement, filed July 19, 2006, is before the court. (Doc. no. 13.)

    In fairness to innocent parties, courts should strive to flush out frivolous RICO allegations at an early stage of the litigation. Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990). Accordingly, as is its usual practice, the court has required a detailed RICO case statement from the plaintiff regarding plaintiff's RICO claims, the only claims which remain in this action. Treating the RICO case statement as an amendment to the complaint, the court now reviews, on its own motion, the sufficiency of plaintiff's RICO claim.

    Failure to allege a sufficient claim under RICO is grounds for dismissal under Rule 12(b)(6), Fed. R. Civ. P. *See*, Tal v. Hogan, __ F.3d __, 2006 WL 1775371at *18 (10th Cir. 2006) (various RICO claims dismissed under Rule 12(b)(6)). Even in the absence of a formal motion under Rule 12(b)(6), a court may, on its own initiative, note the inadequacy of a RICO claim and dismiss a RICO claim for failure to state a claim, so long as the procedure employed is fair. Aviation Support International, Inc.

v. Northrop Grumman Corporation, 221 F.3d 1347, *1 (9th Cir. 2000).[1]  Here, plaintiff was given notice in the court's order of June 16, 2006, that the court was considering dismissal of plaintiff's RICO claims.  The June 16 order advised that failure to comply with the order, in either substance or form, would be grounds for dismissal of this action with prejudice. (Order, Doc. no. 7, p. 10.) Dismissal of RICO claims based upon a RICO case statement which is inadequate under the standards of Rule 12(b)(6), after notice to the plaintiff that dismissal is a possible outcome, is a fair procedure which gives adequate notice that the court is considering *sua sponte* dismissal of RICO claims.  Aviation Support International, *supra*.

The standard for evaluating the sufficiency of a claim under Rule 12(b)(6) is well established.  Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party.  Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  The court must construe the plaintiff's allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading, so as to do substantial justice.  United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980).  A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Having reviewed plaintiff's RICO case statement, the court finds and concludes that the case statement is, at times, non-responsive, conclusory, incoherent, unclear,

---

[1] This is an unpublished opinion cited pursuant to the requirements of the Ninth Circuit Court of Appeals Rule 36-3.

and vague.[2] These deficiencies are not mere formalities; they are deficiencies which impede the court's and the defendants' ability to understand the nature of plaintiff's RICO claims. For these reasons, the court finds and concludes that the RICO case statement does not comply, in substance, with the court's order of June 16, 2006 and that plaintiff's RICO claims should be dismissed with prejudice on this basis.

Moreover, to the extent that plaintiff's RICO case statement *does* indicate the nature of plaintiff's RICO claims, the court finds and concludes that the claims are not cognizable under RICO.[3] Accordingly, plaintiff has failed to adequately allege a

---

[2] An example of an answer which is vague and non-responsive is plaintiff's answer to item no. 1 (of Part V of the June 16 order). Item no. 1 asks plaintiff to "[s]tate whether the alleged unlawful conduct is in violation of Title 18 U.S.C. § 1962 (a), (b), (c), and/or (d)." Plaintiff answered this question: "YES. (YES means 'State.')." Although the court understands that item no. 1 may be interpreted as a yes or no question, that interpretation is neither reasonable nor helpful.

Other examples of answers which are non-responsive include the following. Item no. 5.E. asks "whether civil litigation has resulted in a judgment in regard to the predicate acts." Plaintiff's answer states: "Not a Judgment for the Plaintiff." Item 7 asks plaintiff to "[s]tate and describe in detail whether you are alleging that the alleged pattern of racketeering activity and the alleged enterprise are separate or have merged into one entity." Plaintiff's answer to this question states: "It shouldn't be the Plaintiff's call to determined [sic] if Bar Associations and/or law firms are now become a form of 'racketeering'. Maybe there should be an opening up [of] hearings in Congress?" Many times, plaintiff's responses include questions and indicate that plaintiff needs a subpoena in order to answer (see, for example, answers to item nos. 5.C., 6F, 12, 13), or that plaintiff needs "more research time." (See answer to item 10).

An example of an answer which is conclusory, unclear, and somewhat incoherent is plaintiff's answer to item no. 3. Item 3 directs plaintiff to "[l]ist the alleged wrongdoers other than the defendants...and state the alleged misconduct of each wrongdoer." Plaintiff answered as follows: "Another wrongdoer in this case would be Officers with the Choctaw Police Department. One name rings a bell Mrs. Houtte, the investigator that was over the fraud investigation in the State case. Affidavits were even provided in the State case but what good are they? Has Defendants provided any affidavits?".

[3] For example, item 16 (Part V of the June 16 order) directed plaintiff to "Describe the direct, causal relationship between the alleged injury and the violation of the RICO statute." Plaintiff's response included the statement that "[t]he injury that the Plaintiff and his wife have encountered is be on understanding of destroying not only a good marriage between two people that worked together, went to education classes in the service together and was buddies and best friends."

RICO claim. In these circumstances, no leave to amend is necessary prior to dismissal with prejudice under Rule 12(b)(6), because the court has already given plaintiff an opportunity, via the RICO case statement, to elaborate upon his RICO claim in a manner which would show that the claim should not be dismissed. Not only does the RICO case statement fail to make this showing, it shows that additional amendments would be futile.

## Conclusion

After careful consideration of plaintiff's submissions, the record, and the relevant legal authorities, the court determines that plaintiff's RICO claims should be dismissed with prejudice for two reasons, either of which would be sufficient standing alone. The first ground for dismissal is that plaintiff's RICO case statement fails to comply, in substance, with this court's June 16, 2006 order. The second ground for dismissal is that plaintiff has failed to state a RICO claim under the standards of Rule 12(b)(6).

Plaintiff's RICO claims are **DISMISSED** with prejudice. As this ruling adjudicates the only remaining claims, judgment will be separately entered in favor of the defendants.

Dated this 25th day of July, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0601p005(pub).wpd